**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DEYARA MITCHELL       )
                          )    CIVIL ACTION FILE NO.
    Plaintiff,        )
                          )    _____
v.                     )
                          )
COPE BEHAVIORAL      )
HEALTH, LLC, and MARIO   )
JOHNSON, PhD         )
                          )
    Defendants.      )

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

COMES NOW, Deyara Mitchell ("Ms. Mitchell"), and hereby files this Complaint for Damages and Equitable Relief against Defendants, Cope Behavioral Health, LLC and Mario Johnson, PhD ("Dr. Johnson") (collectively referred to as "Defendants") as follows:

**NATURE OF ACTION**

Plaintiff, Deyara Mitchell, brings this action against Defendants for failure to pay overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq.* Ms. Mitchell served as a Mental Health Paraprofessional and Documents Auditor for Defendants. Beginning on September 19, 2021 through her

resignation on May 15, 2024, Defendants failed to pay Ms. Mitchell the required overtime wages for time spent conducting mental health sessions, attending mandatory corporate meetings, drafting session notes, and auditing company files. Ms. Mitchell resigned from employment with Defendants because Defendants also refused to pay her wages earned for weeks ending February 15, 2024 and February 29, 2024 and overtime wages during the time of her employment.

## PARTIES

1.

Plaintiff, Ms. Mitchell, is a resident of the State of Georgia and resides within the boundaries of the Northern District of Georgia.  At all times relevant to this action, Ms. Mitchell was an employee of Defendants within the meaning of the FLSA.

2.

Defendant, Mario Johnson, PhD, is a resident of the State of Georgia. At all times relevant to this action, Dr. Johnson was the owner and Chief Executive Officer of Cope Behavioral Health, LLC. Dr. Johnson was the employer of Ms. Mitchell within the meaning of the FLSA. Dr. Johnson may be served with a copy of a Summons and this Complaint at  2302 Parklake Drive, NE, Suite 375, Atlanta, GA 30345, or in any other manner provided by law.

3.

Defendant, Cope Behavioral Health, LLC,  is a Georgia corporation subject to the jurisdiction of this Court and may be served by delivering a copy of a Summons and this Complaint to its registered agent, Mario Johnson, at 2302 Parklake Drive, NE, Suite 375, Atlanta, GA 30345, or in any other manner provided by law.

4.

At all times material to this Complaint, Dr. Johnson exerted substantial control over Cope Behavioral Health, LLC's compliance with the FLSA.

5.

Defendants, individually and collectively, are employers within the meaning of the FLSA.

6.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce," pursuant to the FLSA.

7.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. 201, e*t. seq.*

8.

At all relevant times, Defendants were aware of the existence and requirements of the FLSA, including, without limitation, the duty to pay wages and overtime compensation.

## JURISDICTION AND VENUE

9.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367 (a), 29 U.S.C. 1132 and other applicable law.

10.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

11.

Defendants engaged in all of the conduct described herein pursuant to its policy and custom.

12.

Defendants regularly conduct business within this State and District.

13.

Defendants are subject to the jurisdiction of this Honorable Court.

14.

Ms. Mitchell submits herself to the jurisdiction of this Honorable Court.

## UNDERLYING FACTS

15.

Paragraphs 1-14 are hereby re-incorporated and re-alleged as though fully set forth herein.

16.

Ms. Mitchell began working for Defendants on September 19, 2021. Ms. Mitchell remained employed with Defendants in various capacities until her resignation on May 15, 2024. Throughout her employment, Ms. Mitchell was told to follow the instructions of her Supervisor, Cynthia Calhoun, to attend mandatory corporate-wide meetings, to attend mandatory supervision meetings with licensed therapists, to attend professional development and training sessions, and to be available to work as paraprofessional six to seven days each week.

17.

Ms. Mitchell was not allowed to use her independent business judgment to make decisions.

18.

From September 19, 2021 through her resignation, Ms. Mitchell worked as Mental Health Paraprofessional for Defendants.  In this capacity, Ms. Mitchell was required to carry out specific interventions and activities outlined in client treatment plans developed by licensed therapists, record and track client behaviors, progress, and responses to interventions, work directly with clients in one-on-one group settings to reinforce therapeutic goals, participate in regular supervision meetings with licensed therapists, attend ongoing professional development and training sessions, educate family members about therapeutic techniques, assist family members to obtain available community resources.

19.

If Ms. Mitchell failed to complete any of the required tasks as a Mental Health Paraprofessional for Defendants within the mandatory time period, she was disciplined, subjected to monetary fines, unable to access the internal computer system, and her pay was reduced.

20.

As a  Mental Health Paraprofessional, Ms. Mitchell  was required to work six to seven days a week and approximately ten to twelve hours each day.

21.

From January 2024 through April 2024, Defendants increased Ms. Mitchell's job duties and added the duties of a Documents Auditor.  In this capacity, Ms. Mitchell was periodically required to work in Defendants' office auditing client files to ensure that each file contained the necessary documents for corporate audits and to use office computers to verify documents as needed.  When  working as Defendants' Documents Auditor, Ms. Mitchell was required to work two days each week and approximately four to six hours each day she worked.

22.

On or about May 15, 2024, Ms. Mitchell resigned from employment with Defendants because Defendants, specifically, failed to pay her wages earned during the weeks ending February 15, 2024 and February 29, 2024 totaling $4, 254.00.

23.

On three separate occasions, Defendants denied Ms. Mitchell's  request for the required pay for performing her duties during the weeks ending February 15, 2024 and February 29, 2024 totaling $4, 254.00.

24.

Beginning on September 19, 2021 and continuing through her resignation on May 15, 2024, Defendants failed to pay Ms. Mitchell any overtime pay for performing her duties as required by the FLSA.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**FOR OVERTIME PAY**

25.

Paragraphs 1-24 are hereby re-incorporated and re-alleged as though fully set forth herein.

26.

Ms. Mitchell routinely worked in excess of 40 hours a week during her employment with Defendants in the various capacities. Ms. Mitchell regularly worked six to seven days per week and approximately ten to twelve hours each day.

27.

Defendants failed to pay Ms. Mitchell overtime wages for time spent working as a Mental Health Paraprofessional and Documents Auditor.

28.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay

overtime wage compensation to Ms. Mitchell in accordance with 203 and 207 of the FLSA.

29.

As a direct and proximate cause of the Defendant's conduct, Ms. Mitchell has been damaged and is entitled to the relief set forth in the prayer for relief below.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") FOR WAGES OWED

30.

Paragraphs 1-29 are hereby re-incorporated and re-alleged as though fully set forth herein.

31.

Ms. Mitchell performed her job duties for Defendants as a Mental Health Paraprofessional and Documents Auditor for Defendants during the weeks ending February 15, 2024 and February 29, 2024.

32.

Defendants failed to pay Ms. Mitchell for all hours worked during the weeks ending February 15, 2024 and February 29, 2024, totaling $4, 254.00.

33.

On three separate occasions, Defendants denied Ms. Mitchell's request for the required pay for performing her duties during the weeks ending February 15, 2024 and February 29, 2024.

34.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Ms. Mitchell for all hours worked in accordance with Section 6 of the FLSA.

35.

As a direct and proximate cause of the Defendant's conduct, Ms. Mitchell has been damaged and is entitled to the relief set forth in the prayer for relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Mitchell demands a **TRIAL BY JURY** and that the following relief be granted:

a.      Declaratory Judgment that Defendant violated The Fair Labor Standards Act by failing to pay overtime compensation to Ms. Mitchell;

b.      Declaratory Judgment that Defendant violated The Fair Labor Standards Act by failing to Ms. Mitchell for all hours worked;

c.     Liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d.     Attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

e .     Prejudgment interest; and

f.     Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 26th day of March, 2025.

**YORK BOWMAN LAW, LLC**

/s/ Lisa York Bowman
Lisa York Bowman
Georgia Bar No. 423022
Email: lisa@yorkbowmanlaw.com
400 Perimeter Center Terrace, Suite 900
Atlanta, Georgia 30346
(678) 771.3268 phone
(678) 771.3268 (fax)

*Attorney for Plaintiff*
*Deyara Mitchell*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

<u>/s/ Lisa York Bowman</u>
Lisa York Bowman, Esq.
Georgia Bar No. 423022